UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24879-BLOOM/Torres

SHAUNNE SOUZA,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD., A BERMUDA COMPANY,

    Defendant.
_____/

FIRST AMENDED COMPLAINT[1]

Plaintiff, Shaunne Souza, sues Defendant, NCL (Bahamas) Ltd., a Bermuda Company, and alleges:

## A. Summary of Case

1.    This is a personal-injury/negligence action brought by a cruise-ship passenger against a cruise line as a result of a slip-and-fall accident on a cruise ship.

## B. Basis for Jurisdiction and Venue

2.    This case falls within the Court's diversity-of-citizenship jurisdiction because:

    (a)    The Plaintiff is a citizen of Hawaii.

    (b)    The Defendant, NCL (Bahamas) Ltd., a Bermuda Company, is a citizen of Bermuda and of the state of Florida, as it is a corporation incorporated

---

[1] This First Amended Complaint is filed with the opposing party's written consent, so, under Rule 15(a)(2) of the Federal Rules of Civil Procedure, it may be filed without leave of court. (This amended pleading is not considered an amendment made under Rule 15(a)(1)(A) "as a matter of course" because service of process is deemed under Rule 4(d)(4) of the Federal Rules of Civil Procedure to have been effected on January 30, 2024, which is more than twenty-one days ago.) This First Amended Complaint differs from the initial Complaint only in that Defendant NCL America LLC has now been removed and some cosmetic changes have been made.

    (c)  The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

under the laws of Bermuda, and its principal place of business is in Florida.

3. This case has been filed in this district because the Plaintiff's cruise ticket contains a forum-selection clause that says that actions such as this may be filed only in the United States District Court in Miami, Florida.

### C. Rule 9(h)(1) Designation: Diversity of Citizenship

4. Because the Plaintiff's accident occurred on a ship sailing in navigable waters and because the ship was engaged in an activity–pleasure cruising–bearing a substantial relationship to traditional maritime activity, the Plaintiff's claim for relief falls within the admiralty or maritime jurisdiction and is governed by the general maritime law. But the claim also falls within the court's subject-matter jurisdiction on diversity-of-citizenship grounds (see paragraph 2, above), so the Plaintiff designates this claim as one brought at law under the court's diversity-of-citizenship jurisdiction. (Nevertheless, this claim is still governed by the general maritime law.)

### D. One Count of Negligence

5. On or about January 5, 2023, the Plaintiff and her husband were fare-paying passengers aboard the *Pride of America*, a cruise ship owned and operated by the Defendant.

6. At that time and place, while the ship was sailed in navigable waters around Hawaii, the Defendant owed the Plaintiff a duty of reasonable care.

7. At that time and place, at the ship's Mardi Gras Lounge on or around Deck 6, the Defendant breached its duty of care to the Plaintiff when it permitted—and even seemed to encourage—passengers to bring drinks onto the dance floor and dance and jump around on the dance floor while spilling those drinks onto the dance floor, causing the floor to become wet and extremely slippery in places.

8. The surface of the dance floor appeared to be made of smooth marble tiles that became absurdly slippery when wet.

9. Allowing passengers to carry drinks in their hands while dancing seemed to be a regular practice at the Mardi Gras Lounge, for the Plaintiff and her husband had seen the same

behavior encouraged on previous nights on the cruise, perhaps as part of the raucous "Mardi Gras" theme promoted at the Mardi Gras Lounge.

10. The Plaintiff and her husband were fitness enthusiasts and avid dancers, so they went to the Mardi Gras Lounge on January 5, 2023, because good dance music was played there, and they wanted to dance.

11. When they saw that dancers were again being allowed to bring drinks onto the dance floor and spill those drinks while they danced, the Plaintiff and her husband sought out a place on the dance floor where they could safely dance, but within just a moment the Plaintiff slipped and fell at a section where a drink had been spilled.

12. When she fell, the Plaintiff fractured bones in both her wrists, suffering injuries that would require multiple surgeries to repair—surgeries during which metal plates were attached to her bones by drilling metal screws into healthy bone.

13. When the Plaintiff fell, she suffered bodily injury, resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

14. The Defendant's breach of its duty of care caused the Plaintiff to slip and fall and injure herself.

15. The Defendant, through its employees, was aware of the spilled-drink hazard, as it was happening right before the eyes of the bartenders and especially the cocktail servers who were serving drinks at the tables that surrounded the dance floor and watching as the customers they'd just served picked up their drinks and went out to dance. But no one made any effort to clean up the dance floor after drinks were spilled.

16. The Plaintiff has performed all conditions precedent to be performed by her, or the conditions have occurred.

Therefore, the Plaintiff demands judgment against the Defendant for more than $75,000 in damages, and costs, and the Plaintiff demands a jury trial.

### E. Request for Jury Trial

The Plaintiff respectfully demands a jury trial.

Dated: February 24, 2023

Respectfully submitted,
Peter G. Walsh (Florida Bar No. 970417)
pwalsh@1800askfree.com
David W. Singer & Associates, PA
1011 South Federal Highway
Hollywood, FL  33020
954-920-1571
Attorneys for the Plaintiff, Shaunne Souza